**ALEXANDER et al. v. MORRISON.**

No. 2934.

Court of Civil Appeals of Texas. El Paso.
Nov. 29, 1933.

Webb & Webb, of Sherman, and Floyd Jones, of Breckenridge, for appellants.

Alexander Gullett and H. H. Cummins, both of Denison, for appellee.

PELPHREY, Justice.

On September 28, 1932, P. M. Faulkner, a resident of Stephens county, Tex., and doing business under the name of the Home Finance Company, filed suit in the county court of Stephens county against E. G. Alexander of Hutchison county, T. B. Ireland, Bob or J. R. Bryan, and H. E. Morrison, residents of Grayson county. Thereafter on January 12, 1933, Faulkner filed his third amended petition in which he sought judgment against Alexander in the sum of $344.95, alleged to be due as principal, interest, and attorney's fees on a certain promissory note executed by Alexander on May 18, 1932, payable to the Home Finance Company of Breckenridge, Tex. He further sought to foreclose a chattel mortgage lien upon a Chrysler "77" coupé, Model 1930, Engine No. 25440, Serial No. C172CP, License No. 204—383 (Oklahoma). After alleging that Ireland, Bryan, and Morrison were asserting claim to the automobile, Faulkner prayed for the appointment of a receiver therefor. On February 15, 1933, Bryan, Ireland, and Morrison, having been cited and having failed to answer and Alexander having waived service, the county court of Stephens county appointed T. J. Vallas, of Stephens county, receiver with full power to take immediate possession of the automobile designated which the court found to be in the possession of H. E. Morrison. The court further ordered Ireland, Bryan, Morrison, and Alexander to surrender said automobile to the receiver or his agent, upon demand, and enjoined them from interfering with the receiver's possession of the automobile.

On February 17, 1933, the present suit was filed by Morrison in the county court of Grayson county, against Alexander, Faulkner, doing business under the name of Home Finance Company, T. J. Vallas, the receiver named by the Stephens county court, and Victor N. Marsico, of Grayson county, the agent of Vallas.

Morrison in his petition alleged that he was the owner of a Chrysler "77" coupé automobile, having paid a valuable consideration therefor; that Faulkner had filed the suit in Stephens county; that Faulkner's allegations in that suit were that he, Faulkner, was the owner of a valid chattel mortgage lien on a Chrysler "77" coupé, Model 1930, Engine No. 24220, Serial No. C172–CP, License No. 204—383; that T. J. Vallas had designated Marsico as his agent without authority of the court; that Marsico had made demand upon him to surrender possession of his automobile; that he did not own and had never owned any automobile bearing the numbers as set out by Faulkner in his suit; and that, if defendants be permitted to deprive him of his automobile, irreparable injury would result to him in the sum of $410. He prayed that the defendants be enjoined from interfering with his peaceable possession of his said automobile, from removing the same from Grayson county, and from further harassing, intimidating, or embarrassing him with reference to his said automobile.

Appellants first pleaded to the jurisdiction of the court as follows:

"Now comes the defendants in the above styled and numbered cause and respectfully shows to the court that this court is without jurisdiction to issue the writ of injunction herein and has no jurisdiction to try this cause and that the jurisdiction of the plaintiff's cause of action, if any exists, is in the County Court of Stephens County, Texas, and not in the County Court of Grayson County, Texas, as shown by the face of the plaintiff's petition and bill for injunction in this: That the plaintiff's petition shows on its face that the defendant, P. M. Faulkner, has a suit filed in the County Court of Stephens County, Texas, being styled No. 2452, P. M. Faulkner v. E. G. Alexander, et. al., in which E. G. Alexander, T. B. Ireland, Bob or J. R. Bryan and H. E. Morrison are all named as defendants and that service has been obtained on all of the defendants save and except the defendant, E. G. Alexander, who has filed a waiver of service therein.

"And that the said cause is now pending in the said court and that thereafter on the 15th day of February A. D. 1933, the court, after considering the application of the plaintiff, P. M. Faulkner, for the appointment of a receiver, did enter a judgment or an order therein appointing T. J. Vallas of Stephens County, Texas, as receiver with ample power to take immediate possession and charge of the said Chrysler '77' Coupe, Model 1930, Engine No. 25440, Serial No. C172CP, License No. 204—383 (Oklahoma), the identical automobile now involved in this litigation. That there are no allegations in plaintiff's petition filed herein showing that said judgment or order is void on its face or under the record therein and that the allegations contained in the plaintiff's petition for an injunction to the effect, 'Plaintiff would respectfully show

unto the Court that the appointment of the said Victor N. Marsico, as agent, for the receiver in the absence of an order from the court the appointment of a receiver and the designation of an agent, is wholly illegal, unlawful and the agent is wholly without authority to act in such capacity as receiver,' that. said allegations are but conclusions of the pleader and do not state the facts therein. The plaintiff has failed to set out said judgment or order entered in cause No. 2452, P. M. Faulkner v. E. G. Alexander, et al., pending in the County Court of Stephens County, Texas, in his petition or bill for injunction herein and has failed to show wherein said judgment or order is void and the plaintiff herein has failed to set out in his petition filed herein whether he has appealed from the said judgment or order of the County Court of Stephens County, Texas, appointing a receiver to take charge of the said property in controversy therein. Said petition shows upon its face that the said injunction was asked for herein within two (2) days after the said judge of the County Court of Stephens County, Texas, had entered said judgment or order appointing a receiver to take charge of the property herein involved in this litigation and that no motion was filed to dissolve same or an appeal taken therefrom. The defendants further show that if the honorable judge of the County Court of Grayson County, Texas, has authority and jurisdiction to grant a writ of injunction herein that said writ of injunction should have been made returnable to the County Court of the said Stephens County, Texas, which has sole jurisdiction to try this cause under the provisions of Article 4656, and Article 1995, Subdivision 17, of the Revised Civil Statutes of Texas.

"Wherefore, defendants move and pray the Court that this cause be dismissed and the defendants go hence without day for costs and etc."

Then followed a plea of misjoinder of parties defendant, general and special demurrers to appellee's petition, a general denial of the allegations thereof, and a special answer alleging the automobile in controversy to be in the possession of appellee and that Faulkner has a claim thereon superior to any held by appellee.

They prayed that the injunction theretofore issued be dissolved.

Appellee, by supplemental petition, demurred generally to appellants' plea to the jurisdiction and motion to dissolve, generally denied the allegations therein, and specially denied that the automobile involved in this suit is identical with the one in the Stephens county suit. Appellants answered by general demurrer, special exceptions, general denial, and specially alleged the automobile to be the same as the one involved in the Stephens county litigation. The court, upon a hearing and without in any manner indicating his reasons therefor, overruled appellants' plea to the jurisdiction and their motion to dissolve the injunction. From that order this appeal has been perfected.

### Opinion.

No briefs have been filed by the parties to this appeal and we must, therefore, pass upon the correctness of the court's action solely upon the pleadings as they appear in the record.

■ In appellee's original and supplemental petitions we find allegations that he is not and never was the owner of an automobile bearing any such numbers as set out by Faulkner in his suit in Stephens county, and that the automobile here involved is not the same as the one for which the receiver was appointed by the Stephens county court. These allegations are sworn to by appellee. We likewise find it alleged in the pleadings of appellants that the car here involved is identical with the car in the other suit.

■■ This condition of the pleadings raised an issue of fact for the trial court to decide. While the judgment contains no intimation as to what the court decided as to this question, yet, we must presume, in support of the judgment, that he found that the car which appellee was seeking to restrain appellants from interfering with his possession of was not the same car involved in the suit in Stephens county. If that be true, then the court certainly had jurisdiction to make the order complained of. If the car were the same car for which the Stephens county court had appointed a receiver, then some of the objections made by appellee might be tenable, but the automobile, being a different one, the receiver had no authority to take it into his possession and the injunction granted by the trial court should not have been made returnable to the Stephens county court.

Finding no error in the action of the trial court, its judgment is affirmed.